IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITA NOEMI CORDOVA | § | DCKT NO. _____ |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| -vs- | § | |
| | § | |
| PANADERIA SAN JOSE, INC D/B/A | § | |
| RESTAURANTE TIERRA CUSCATLECA, | § | JURY TRIAL DEMANDED |
| GLORIBEL SALMERON AND | § | |
| GUADALUPE SALMERON | § | |
| *Defendants*. | § | |

_____

PLAINTIFF'S ORIGINAL COMPLAINT
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES EDITA NOEMI CORDOVA, by and through her attorneys The Estes Law Firm, P.C., individually, and files this, her Complaint against Defendants as follows:

**I. INTRODUCTION**

1. This is a individual action brought by Plaintiff Edita Noemi Cordova (hereinafter "Plaintiff"), which arises from Defendants' Panaderia San Jose, Inc., Gloribel Salmeron, individually and Guadalupe Salmeron, individually (hereinafter "Defendants") willful violations of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et seq*. for failure to pay overtime premium wages, failure to pay minimum wages for all

hours worked, and failure to pay minimum wage for all time worked by providing a bona fide meal period.

2. All statements are made upon information and belief.

3. Plaintiff Edita Noemi Cordova worked for Defendants as a cook, baker, waiter and/or cashier within the statutory period of liability and performed non-exempt employee work.

4. Defendant Panaderia San Jose, Inc. employed Edita Noemi Cordova to perform work for Defendants.

5. Defendant Gloribel Salmeron supervised and directed Plaintiff in her day-to-day job duties and exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship, and is therefore deemed an employer within the meaning of the FLSA, and therefore subject to liability.

6. Defendant Guadalupe Salmeron supervised and directed Plaintiff in her day-to-day job duties and exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship, and is therefore deemed an employer within the meaning of the FLSA, and therefore subject to liability.

7. Plaintiff was paid on an hourly basis but was only paid straight time, she never received an overtime premium in violation of 29 U.S.C. §207.

8. Defendants failed to pay Plaintiff's minimum wages for all hours worked in violation of 29 U.S.C. §206 and 29 CFR §785.19.

## II. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. Venue is proper in this Court because the Plaintiff resides within this judicial district and because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

### III.   PARTIES

11. Plaintiff Edita Noemi Cordova is an individual and resident of Conroe, Montgomery County, Texas. Plaintiff worked for Defendants as a cook, baker, waiter and/or cashier continuously during the liability period.

12. Defendant Panaderia San Jose, Inc is a domestic corporation doing business in Texas. It may be served at its registered agent Tax Center, Inc., 10906 Bammel N. Houston Road, Houston, Texas 77086.

13. Defendant Gloribel Salmeron is an individual who is or was an officer or director of Panaderia San Jose, Inc. and may be served at 9079 Rocky Ridge Drive, Conroe, Texas 77302. Defendant Gloribel Salmeron exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and is therefore deemed an employer within the meaning of the FLSA and is therefore subject to liability.

14. Defendant Guadalupe Salmeron is an individual who is or was an officer or director of Panaderia San Jose, Inc. and may be served at 9079 Rocky Ridge Drive, Conroe, Texas

77302. Defendant Guadalupe Salmeron exercised control over the nature and structure of the employment relationship or exercised economic control over the relationship and is therefore deemed an employer within the meaning of the FLSA and is therefore subject to liability.

15. At all material times, the Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, the Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. Defendant Panaderia San Jose, Inc. is an enterprise engaged in commerce or in the production of goods for commerce. Plaintiff was employed by Defendant.

18. Defendant Panaderia San Jose, Inc. is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

19. Defendant Panaderia San Jose, Inc. has employees engaged in commerce or the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

## IV.   STATEMENT OF FACTS

20. All statements are made upon information and belief.

21. Plaintiff worked as a cook, baker, waiter and/or cashier for the Defendants within the statutory period of liability.

22. Plaintiff would routinely work more than 40 hours per week.

23. Plaintiff was paid an hourly rate but never received an overtime premium but was not paid overtime premium pay for hours worked in excess of forty hours per week during the liability period.

24. During this time, Plaintiff worked exclusively for Defendants.

25. None of the exemptions provided by the FLSA to the overtime obligation applied to Plaintiff.

26. Defendants' set Plaintiff's hours and directed the course and scope of her work.

27. Plaintiff had no authority or ability to refuse to perform the work Defendants directed her to do.

28. Plaintiff has separated from employment but was not paid all of the wages she was due within the time period required by law.

29. Plaintiff was not paid at least minimum wage for all hours worked.

30. Plaintiff was not properly paid for all hours worked per week even though Plaintiff was on duty and working as a cook, baker, waiter and/or cashier.

31. When Plaintiff was paid, she was always paid by check for 40 hours of straight time per week.  If she worked any overtime, Plaintiff would also be paid separately in cash for any hours in excess of 40 hours per week but also at straight time.  This practice evidences Defendants' willful intent to violate the FLSA.

## VI.   FIRST CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. Section 207
## Failure to Pay Overtime (Against All Defendants)

32. Plaintiff incorporates herein all previously stated allegations.

33. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §207(a)(1), an employer must pay an employee overtime at a rate not less than one and a half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty hours per week.

34. None of the exemptions provided by the FLSA to the overtime obligation applied to Plaintiff.

35. Defendants' failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA. 29 U.S.C. 255(a).

36. Plaintiff regularly worked in excess of forty hours per week but was not paid any overtime premium for hours worked in excess of forty hours per week.

37. Defendants' failure to pay minimum wage to Plaintiff for all hours worked was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA. 29 U.S.C. 255(a).

38. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiff has suffered, and will continue to suffer, lost wages and other damages.

## VII.    SECOND CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. Section 206
### Failure to Pay Minimum Wage for All Hours Worked (Against All Defendants)

39. Plaintiff incorporates herein all previously stated allegations.

40. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §206(a), Defendants must pay each of its employees at least the federal minimum wage of $7.25/hour for any hours worked.

41. Defendants' routinely failed to pay Plaintiff at least the minimum wage for all hours worked during the proposed class period of the lawsuit.

42. None of the exemptions provided by the FLSA to the minimum wage obligation applied to Plaintiff.

43. Defendants' failure to pay minimum wage to Plaintiff for all hours worked was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation with the meaning of the FLSA. 29 U.S.C. 255(a).

44. As a direct and proximate result of Defendants' willful unlawful conduct, Plaintiff has suffered, and will continue to suffer, lost wages and other damages.

## VIII. JURY DEMAND

45. Plaintiff demands a trial by jury for all issues of fact.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edita Noemi Cordova, requests that this Court enter the following relief:

    a.    Judgement that the Defendants' conduct was willful;

    b.    All damages to which the Plaintiff may be entitled;

    c.      Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

    d.      Penalties as provided for under the FLSA including pursuant to Section 216;

    e.      An injunction prohibiting Defendants' from further violations of the law as described above;

    f.      Pre and post judgment interest;

    g.      Attorney's fees and costs; and

    h.      Any other relief to which Plaintiff may be entitled.

Dated: May 21, 2021

Respectfully submitted,

/s/ John Cruickshank
By: John Cruickshank
john@cruickshank.attorney
Texas Bar No. 24045730
Federal Bar No. 910674
Sam Shapiro
sshapiro@estespc.net
Texas Bar No. 24106420
Federal Bar No. 3485329
Joshua Estes
joshuaestes@estespc.net
Texas Bar No. 24043651
Federal Bar No. 637546
716 S. Union St.
Richmond, Texas 77469
Tel. (281) 238-5400
Fax. (281) 238-5015
***Attorneys for Edita Noemi Cordova***